[No. 17506.  Department One.  February 10, 1923.]

*In the Matter of the Estate of* WILLIAM C. WHEELER, *Deceased.*

THE STATE OF WASHINGTON, *on the Relation of L. L. Thompson, Attorney General, Appellant,* v. SARAH E. WHEELER, *et al., Respondents.*[1]

HUSBAND AND WIFE (60)—COMMUNITY PROPERTY—PRESUMPTION AS TO PROPERTY ACQUIRED AFTER MARRIAGE—EVIDENCE—SUFFICIENCY. A widow's indefinite evidence that certificates of stock, issued in her name, had been given to her twelve years before her husband's death, and that there was an understanding in the family that it was her separate property, held insufficient to overcome the presumption that it was community property.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 14, 1922, upon findings in favor of the defendants, in proceedings to subject property to the state inheritance tax, tried to the court.  Reversed.

*The Attorney General* and *Geo. G. Hannan, Assistant,* for appellant.

*Anthony M. Arntson,* for respondents.

MACKINTOSH, J.—The question for determination in this action is whether shares of the capital stock of the Wheeler-Osgood Company, a corporation, standing in the name of the respondent Sarah E. Wheeler, are her separate property or are the property of the community existing prior to the death of her husband, William C. Wheeler.  The state is claiming the property is of the latter nature, and therefore subject to an inheritance tax.

[1]Reported in 212 Pac. 1043.

The testimony shows that this personal property was acquired by the Wheelers after their marriage, and is therefore presumptively community property. To overcome this presumption, Mrs. Wheeler introduced testimony that the certificates of stock were issued in her name some twelve years before her husband's death, and had been registered and recorded by the corporation as her stock and had been delivered to her, and that she had given her husband proxies to vote it. The testimony further shows—but meagerly—that there was an understanding in the family that the stock was hers individually. The testimony going to confirm Mrs. Wheeler's separate ownership of this stock is very indefinite and, to our minds, does not overcome the presumption of its community character.

For that reason the judgment of the lower court is reversed and the stock determined to be community property.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ, concur.